**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

In re: Appeal of Kevin S. McCarthy   }   Docket No. 99-5-02 Vtec
and Kathleen M. Ballou                      }
                                                         }
                                                         }
                                                         }

Decision and Order on Cross-Motions for Partial Summary Judgment

Appellants Kevin S. McCarthy and Kathleen M. Ballou appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Village of Woodstock granting Appellees Robert and Marilyn Caulfield a permit to establish an art gallery as a home occupation at 11 The Green. Appellants are represented by Frank H. Olmstead, Esq.; Appellee-Applicants are represented by Curtis L. Bourdon, Esq.; and the Village is represented by Todd C. Steadman, Esq. Additional interested persons Lisa Talmadge, Sherry Nelson, Corwin Sharp and Robert Richards have entered their appearances on their own behalf, respectively, but have not participated in the filing of memoranda on the present motion. The parties have filed cross-motions for partial summary judgment on the question of whether the definition of home occupation under the Village of Woodstock zoning regulations includes an art gallery selling solely art produced on the premises of a residence by a resident.

The following facts are undisputed unless otherwise noted.

The state zoning enabling act specifically protects home occupations: ANo [municipal] regulation may infringe upon the right of any resident to use a minor portion of a dwelling for an occupation which is customary in residential areas and which does not change the character thereof.@24 V.S.A. ' 4406(3).

Section 109 of the Village=s Zoning Regulations defines Ahome occupation@ as follows:

Any non-retail occupation customarily carried on in a residential area by a resident in his/her own dwelling place. [A] home occupation[] (i) involve[s] not more than the equivalent of one (1) full-time employee other than the full-time residents of the dwelling, (ii) occupies a minor portion (less than 50%) of the dwelling, (iii) is secondary to the use of the house as a dwelling, and (iv) does not change the character of the area. Only items produced in the home may be sold from the home. See Section 512.

In turn, Section 512 further regulates home occupations as follows:

A. General

1. No regulation may infringe upon the right of any resident to use a minor portion of a dwelling for an occupation which is customary in residential areas and which does not change the character thereof nor create additional noise or nuisance.

2. Two Home Occupations per dwelling may be allowed provided that, combined, they occupy a minor portion of the building (as defined above) and do not change the character of the neighborhood. The total number of employees for both Home Occupations shall be limited to one (1) not including full time residents of the household.

3. Outdoor storage and display is prohibited.

4. All Home Occupations except Subsection B. below require a Conditional Use Permit.

B. Exempt Home Occupation

1. A Home Occupation is exempt from these Regulations if it meets the following conditions:

a) Not more than one employee in addition to the owner of the business.

b) No clients on site.

c) No signs.

d) No deliveries.

e) Office use only.

Appellee-Applicant Robert Caulfield is an artist who proposes as a home occupation to produce art works in an art studio in his residence at 11 The Green and to sell those art works to the general public from an art gallery in the residence. He held a permit from 1984 to 2002 for this activity as a home occupation at his former residence at 42 Central Street, also in the Village of Woodstock.

Appellants do not appear to challenge the art studio portion of Appellee-Applicant= s home occupation. Rather, they argue that Appellee-Applicant may not sell art work produced in the residence at the residence, based entirely on the modifier Anon-retail@ in the definition of Ahome occupation@ in ' 109, and disregarding the final provision in that section that (only) items produced in the home may be sold from the home.

The Court must interpret the Zoning Regulations using the rules for statutory construction, including the obligation to give effect if possible to all portions of the regulations, and to avoid interpreting any portion as surplusage. The effort is to discern the intent of the legislative body and to give effect to that intent; the Court can be guided by the ZBA= s consistent application of the contested provision[1]. Moreover, as zoning regulations are in derogation of common law property rights, any ambiguity must be resolved in favor of the property owner. In re Appeal of Weeks, 167 Vt. 551, 555-56 (1998). This is especially the case when a statutory protection such as 24 V.S.A. ' 4406(3) is implicated.

Applying these principles in the present case, it is apparent that an applicant may apply for approval of an art gallery as a home occupation, so long as the only artwork sold from the home is that produced in the home by the residents. (And, of course, the application must meet all other criteria for approval).

Most importantly, this interpretation gives effect to all portions of ' 109. The final sentence: A [o]nly items produced in the home may be sold from the home,@ would be surplusage if A non-retail@ were interpreted as Appellants argue. Rather, the term A non-retail@ in the first sentence must be interpreted to distinguish home occupations from businesses whose primary purpose is to purchase items produced elsewhere and resell them to customers.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants= Motion for Summary Judgment is DENIED and Appellee-Applicants= Motion for Summary Judgment is GRANTED. Under the Village of Woodstock Zoning Regulations, a resident may

apply for approval of an art gallery in a residence, solely selling art produced in the residence by the resident, as a home occupation. The hearing on the merits of that application remains scheduled for July 17, 2002 in Woodstock. The site visit will be held at the conclusion of the evidentiary portion of the hearing, after which the parties should plan to return to the courtroom for oral argument on the record so that Judge Wright can rule on the record thereafter. Any trial memoranda or requests for findings beyond what has already been filed in connection with these motions for summary judgment, if any, shall be filed at trial.

Done at Barre, Vermont, this 3rd day of July, 2002.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1.]  The Zoning Board of Adjustment did allow Appellee-Applicant to apply in 1984 for the same use as a home occupation at another location, as well as allowing the application to be made as a home occupation in the present case.